**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline M Tauscher, | No. CV-20-02014-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Pamela Donison, et al., | |
| Defendants. | |

Pending before the Court is Defendants State Bar of Arizona, Maret Vessella, Stephen P. Little and Matt McGregor (collectively Defendants)' Motion for Statutory Screening of Plaintiff's First Amended Complaint and Second Amended Complaint (Doc. 19). For the Following reasons, the motion is granted. Pursuant to that screening, Plaintiff's Second Amended Complaint (Doc. 18) is dismissed with leave to amend.

**DISCUSSION**

### I.   Legal Standard

In *in forma pauperis* ("IFP") proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although most IFP applications under § 1915 concern prisoner litigation, § 1915(e)(2) applies to all IFP proceedings. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). Section 1915(e)(2) "allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130.

Indeed, § 1915(e)(2) "not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez*, 203 F.3d at 1127–29.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II.     Plaintiff's Third Amended Complaint

Plaintiff filed a Second Amended Complaint on November 30, 2020, (Doc. 18), which is now the operative complaint in this matter. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function and is treated thereafter as non-existent[.]") (citation and quotation omitted).

Plaintiff's first complaint was dismissed in part because, although she alleged various violations of the law, she did not allege which defendants violated those laws. Judge Humetewa explained:

> The Complaint alleges violations of various laws, but it does not allege with specificity which Defendants violated those laws. Simply listing laws and alleging that they were violated does not draw an inference that a particular defendant violated the law. Plaintiff must understand that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." . . .

**Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [she is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct.**

(Doc. 5 at 3, 5.)

Plaintiff's Second Amended Complaint contains the same deficiencies. In her pleading, Plaintiff names 67 Defendants. (Doc. 18 at 1–6.) She does not allege, however, which of these defendants committed which legal wrongs she alleges. Nor does she allege specific actions taken by the Defendants. Conclusory allegations of wrongdoing are insufficient to show that Defendants have violated Plaintiff's rights. To prevail in her claim, Plaintiff must allege an affirmative link between her injury and the conduct of a particular Defendant. *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).

### III. Leave to Amend

Plaintiff may amend her complaint if she chooses. In the amended complaint, Plaintiff must state what rights she believes were violated. *See id.* Each claim of an alleged violation must be set forth in a separate count. The amended complaint must also state the name of the party who violated each law or right alleged and what that party did or failed to do to violate that right. Any amended complaint filed by Plaintiff must conform to the requirements of Rule 8(a) and (d)(1) of the Federal Rules of Civil Procedure.

Plaintiff is advised that if she elects to file a third amended complaint and if she fails to comply with the Court's instructions explained in this Order, the action will be dismissed pursuant to section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend second complaint that was "so verbose, confused and redundant that its true substance, if any [was] well disguised").

**IT IS THEREFORE ORDERED** that Defendants' Motion to Screen (Doc. 19) is **GRANTED.**

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) Second Amended Complaint (Doc. 18) is dismissed for failure to comply with Rule 8, with leave to file an amended complaint **within 30 days** of the date of this Order.

**IT IS FURTHER ORDERED** that if Plaintiff elects not to file a third amended complaint **within 30 days** of the date of this Order, the Clerk of Court shall dismiss without prejudice and terminate this action without further order of the Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a third amended complaint, the complaint may not be served until and unless the Court screens the third amended complaint pursuant to 18 U.S.C. § 1915(e)(2).

**IT IS FURTHER ORDERED** that, in light of the dismissal of the Second Amended Complaint (Doc. 18) the Motion for Extension of Time to Answer (Doc. 21) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Defendants Maricopa County Board of Supervisors, Montgomery, Mitchell, and Adel's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 27) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service by U.S. Marshal-All Defendants (Doc. 28) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that State Defendants' Request for Extension of Time to Respond to Plaintiff's Complaint Until the Court Issues its 28 U.S.C. § 1915(E)(2)(B) Screening Order (Doc. 31) is **DENIED** as **moot.**

**IT IS FURTHER ORDERED** that Defendant Bill Morin's Joinder to State Bar Defendants' Motion for Statutory Screening Of Plaintiff's First Amended Complaint (Doc. 13) and Second Amended Complaint (Doc. 16), (Doc. 33), is **GRANTED.**

/ / /

/ / /

**IT IS FURTHER ORDERED** that Defendant Bill Morin's Motion to Dismiss the Second Amended Complaint (Doc. 34) is **DENIED** as **moot**.

Dated this 14th day of April, 2021.

_____
G. Murray Snow
Chief United States District Judge