**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jacqueline M Tauscher, | No. CV-20-02014-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Pamela Donison, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Third Amended Complaint. (Doc. 39.) In the Court's Order dismissing the Second Amended Complaint, the Court specified that, if the Plaintiff elected to file a Third Amended Complaint, it could not be served unless and until it had been screened by the Court. (Doc. 35 at 4.) Pursuant to that screening, Plaintiff's Third Amended Complaint (Doc. 39) is dismissed without leave to amend.

## DISCUSSION

### I.   Legal Standard

In *in forma pauperis* ("IFP") proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although most IFP applications under § 1915 concern prisoner litigation, § 1915(e)(2) applies to all IFP proceedings. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). Section 1915(e)(2) "allows a district court to dismiss[ ] sua sponte . . . a complaint that fails to state a claim[.]" *Id.* at 1130.

Indeed, § 1915(e)(2) "not only permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Id.* at 1127. A district court dismissing under § 1915(e)(2) "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez*, 203 F.3d at 1127–29.

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II. Plaintiff's Third Amended Complaint

Plaintiff filed a Third Amended Complaint on May 17, 2021, (Doc. 39), which is now the operative complaint in this matter. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function and is treated thereafter as non-existent[.]") (citation and quotation omitted).

Plaintiff's first and second complaints were dismissed in part because, although she alleged various violations of the law, she did not allege which defendants violated those laws. In each prior order, the Court explained:

> The Complaint alleges violations of various laws, but it does not allege with specificity which Defendants violated those laws. Simply listing laws and alleging that they were violated does not draw an inference that a particular defendant violated the law. Plaintiff must understand that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." . . .

- 2 -

>**Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [she is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct.**

(Docs. 5 at 3, 5; 35 at 2–3.)

Plaintiff's Third Amended Complaint likewise fails to state a plausible claim for relief. Although Plaintiff identifies laws or rights she believes were violated, she fails to state a sufficient factual basis for the violations. The Court addresses each allegation in turn.

### A. Abuse of Process & Civil Rights Violations

First, although Plaintiff alleges that several defendants committed abuse of process or civil rights violations, she does not allege facts sufficient to state a claim. Plaintiff's bare allegation that Defendants violated her civil rights, without specifying which of Defendants' acts constituted such an abuse is not sufficient to state a claim. As to abuse of process, Plaintiff's allegations do not plausibly state the elements of the claim. An abuse of process claim requires "(1) a willful act in the use of judicial process, (2) for an ulterior purpose not proper in the regular conduct of the proceedings." *Crackel v. Allstate Ins. Co.*, 208 Ariz. 252, 257, 92 P.3d 882, 887 (Ct. App. 2004). Although Plaintiff's allegations are related to family court proceedings she alleges were abusive, her claims fail to specify which actions individual Defendants took and how she was injured as a result. Plaintiff does not identify or allege facts from which any ulterior or improper motive can be inferred. Plaintiff thus does not state a claim for abuse of process.

### B. 42 U.S.C. § 1981

Second, Plaintiff does not allege a violation of 42 U.S.C. § 1981. Section 1981 applies to only race or national origin discrimination. *See Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 474 (2006) ("Among the many statutes that combat racial discrimination, § 1981, originally § 1 of the Civil Rights Act of 1866, 14 Stat. 27, has a

specific function: It protects the equal right of '[a]ll persons within the jurisdiction of the United States' to 'make and enforce contracts' without respect to race."). Plaintiff does not articulate any basis for finding that race or national origin are implicated in this lawsuit. Her claims as to § 1981 therefore fail to state a claim.

### C. Federal Fair Housing Law and the Fourth Amendment

Plaintiff's next causes of action are titled: "Cause of Action Amendment IV Against Illegal Seizure of Property and Federal Fair Housing Law" and "Cause of Action Amendment IV Prohibition Against Illegal Search." (Doc. 39 at 5.) To the extent Plaintiff alleges violation of the Fair Housing Act, she fails to connect any alleged legal wrongs to her claim of discrimination. The Fair Housing Act prohibits discrimination in the sale, rental, and financing of housing based on membership in a protected class, such as race or sex. Plaintiff asserts that she "was discriminated against based on her gender being female rather than male." *Id.* The bare allegation that she was discriminated against, however, is not sufficient to state a cognizable claim. Her remaining allegations do not establish which Defendants took discriminatory actions or how she was discriminated against with sufficient detail to plausibly state a claim.

Plaintiff likewise fails to allege violations of the Fourth Amendment. She claims violations of her Fourth Amendment rights in connection with the transfer of her real property and several appointments and meetings with Defendants related to her family court case. She does not articulate a basis for finding that these events constituted illegal searches or seizures.[1]

### D. Remaining Defendants

As to the remaining Defendants, Plaintiff has not identified a legal wrong or pled sufficiently detailed facts to plausibly state a claim for relief. Conclusory allegations of wrongdoing are insufficient to show that Defendants have violated Plaintiff's rights.

---

[1] To the extent Plaintiff claims wrongdoing by Judges in her complaint, she further fails to state a claim. As each allegation describes conduct within normal judicial function, the judges are entitled to judicial immunity from suit. *In re Complaint of Judicial Misconduct*, 366 F.3d 963, 965 (9th Cir. 2004).

### III. Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Federal policy thus strongly favors determination of cases on their merits. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Nonetheless, "[a] court may exercise its discretion to dismiss an action with prejudice when the amended complaint merely repeats the deficiencies of the original complaint." *Kiprilov v. Nat'l Bd. of Med. Examiners*, No. EDCV160952JGBSPX, 2016 WL 6900724, at *2 (C.D. Cal. Oct. 24, 2016); *see In Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981) (affirming dismissal of the complaint without leave to amend because the amended complaint was "equally as verbose, confusing and conclusory as the initial complaint.").

Plaintiff was advised in the Court's Order dismissing the Second Amended Complaint, (Doc. 35), that her claim would be dismissed if she failed to comply with the Court's instructions for stating a cognizable claim. Despite multiple opportunities, Plaintiff has failed to assert actionable claims or to correct the deficiencies identified in the Court's earlier Order. As Plaintiff's allegations remain confusing and vague, it appears that any further attempt to amend would be futile. *See McHenry v. Renne*, 84 F.3d 1172, 1179–80 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend a second complaint that was "so verbose, confused and redundant that its true substance, if any [was] well disguised"). Accordingly, Plaintiff's complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that pursuant to 28 U.S.C. § 1915(e)(2) the Third Amended Complaint (Doc. 39) is dismissed for failure to comply with Rule 8, without leave to amend.

/ / /

/ / /

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this action without further order of the Court.

Dated this 12th day of August, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge